October 30, 1979

## 79-79  MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, LAND AND NATURAL RESOURCES DIVISION

### Indians—Offset by Government of Claims Arising Out of Gratuitous Payments—Authority of Attorney General to Withdraw Offset

This responds to your request for our opinion concerning the authority of the Attorney General to withdraw claims for gratuitous payments made by the Federal Government under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 *et seq.* (1976) (Indian Self-Determination Act). The facts are as follows:

The Indian Claims Commission has previously determined under the Indian Claims Commission Act, 25 U.S.C. § 70 *et seq.* (1976), that the plaintiffs in *Turtle Mountain Board of Chippewa Indians et al.* v. *United States*. Ct. Cl. Dock. 113, 191, 221, 246, had aboriginal title to land that had the fair market value of $53,527.22 in February 1905, the date on which such title was extinguished by the United States. Accordingly, the Commission entered an interlocutory award in this matter in favor of the plaintiffs.* Your Division, which is representing the Government in this case, has concluded that certain payments totaling approximately $7,000,000 made to the plaintiffs under the Indian Self-Determination Act, 25 U.S.C. § 450 *et seq.* (1976), are gratuitous expenditures that under 25 U.S.C. § 70a (1976) may be asserted by the Government as offsets against the interlocutory award.

The Department of the Interior (Interior) has requested that the Department of Justice withdraw its asserted offset for certain payments made under the Indian Self-Determination Act. In support of its request, Interior advances several arguments. It objects to your conclusion that payments made under that Act were gratuitous payments within the meaning

---

*This case is now in the Court of Claims. It was transferred to that court when the Commission was dissolved on September 30, 1978, under 25 U.S.C. § 70v-3 (Supp. II, 1978).

of 25 U.S.C. § 70a. It also contends that if these payments can be characterized as gratuitous expenditures under 25 U.S.C. § 70a (1976), such a result was not intended by Congress in enacting the Indian Self-Determination Act. Interior argues that had this possible consequence been brought to the attention of Congress, it would have exempted such payments from treatment as gratuitous expenditures. Finally, it requests that, in light of Congress' inadvertence in not exempting such payments, the Department of Justice exercise its prosecutorial discretion and withdraw the offset.

The questions that you have asked are the following: whether it is mandatory under § 2 of the Indian Claims Commission Act to pursue a claim for gratuitous offsets, with respect to which there is a likelihood of recovery; where the executive department administering a grant program is of the view that funds expended were never intended to be available as offsets, whether it is proper as a matter of discretion for the Attorney General not to pursue the offset; and if question 2 is answered in the affirmative, who is authorized to make the determination and on what basis.

Because you have not asked us to address the question whether payments made under the Indian Self-Determination Act are gratuitous expenditures within the meaning of 25 U.S.C. § 70a (1976), we do not express any opinion on this question. For the purposes of this discussion, therefore, we assume as correct your statement that, if the Government presses its claim for offsets before the Court of Claims, there is a reasonable likelihood that it will succeed.

For the reasons set forth below, we conclude that the Attorney General has the discretion to withdraw the Government's claim for gratuitous offsets on policy grounds. In this instance, the decision to approve the withdrawal may be made by the Associate Attorney General.

## I. Discretion of the Attorney General to Withdraw Claims Made in Litigation

It is an established principle of law that the "Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States* v. *Nixon,* 418 U.S. 683, 693 (1974). This authority has long been recognized as vested in the Attorney General as the President's surrogate in enforcing the laws and was formally delegated by the President to the Attorney General in 1933:

> As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer is transferred to the Department of Justice. [Executive Order 6166 § 5, reprinted in 5 U.S.C. § 901 note (1976).]

This delegation, together with 28 U.S.C. § 516 (1976), which reserves to officers of the Department of Justice under the direction of the Attorney General the conduct of all litigation to which the Government is a party, have been interpreted consistently by both the courts and the Attorney General as vesting the Attorney General with absolute discretion to determine whether to compromise or abandon claims made in litigation on behalf of the United States. *United States* v. *Newport News Shipbuilding & Dry Dock Co.*, 571 F.(2d) 1283, 1287 (4th Cir. 1978), cert. denied, 99 S. Ct. 212 (1979); *United States* v. *Cox*, 342 F.(2d) 167, 171 (5th Cir. 1965), cert. denied, 381 U.S. 935 (1965); 38 Op. Att'y Gen. 98 (1934), 38 Op. Att'y Gen. 124 (1934).

Referring to the Attorney General's power to control litigation, Attorney General Cummings stated:

> This power is plenary and carries with it the authority to make it effective, including authority to consider all matters germane to any case over which the Attorney General has obtained jurisdiction * * * . He may dismiss a suit or abandon defense at any stage when in his sound professional discretion it is meet and proper to do so. [38 Op. Att'y Gen. at 126.]

This power, however, is "to be exercised with wise discretion and resorted to only to promote the Government's best interest or to prevent flagrant injustice." 38 Op. Att'y Gen. 98, 102 (1934). The courts have recognized that the Attorney General, in exercising his discretion, is not restricted to considering only the litigative probabilities, but may make a decision to abandon a claim based on policy reasons. *See, Smith* v. *United States*, 375 F. (2d) 243, 247 (5th Cir. 1965), cert. denied, 389 U.S. 841 (1967); *Cox* v. *United States, supra.* Given this background concerning the discretion of the Attorney General, we next consider whether the Attorney General's power to withdraw the claim has been limited by the Indian Claims Commission Act.

## II. Discretion of the Attorney General to Withdraw Claims for Offsets Made in Proceedings Under the Indian Claims Commission Act

Neither the Indian Claims Commission Act nor its legislative history indicates any intent on the part of Congress to limit the Attorney General's broad power to withdraw claims made by the United States. The only provision in the Act that could be so construed is 25 U.S.C. 70n (1976) authorizing the Attorney General to compromise claims presented to the Commission and requiring him to obtain the Commission's approval of any compromise. It could be argued that in granting the Attorney General the power to compromise claims presented to the Commission, Congress intended to deny him the power to withdraw claims asserted on behalf of the United States. However, such an interpretation has no support in the

431

Act's legislative history. Moreover, because 25 U.S.C. §§ 70n and 70u provide for the submission of the compromised claim to Congress for payment, a more reasonable interpretation of 25 U.S.C. § 70n would be that the authority requiring the approval of the Commission applies only to claims presented by Indian claimants. We adopt this interpretation as correct and conclude that the Attorney General's broad power to control the disposition of Government's claims made under 25 U.S.C. § 70a (1976) including counterclaims, offsets, and gratuitous offsets, is not limited by the Act, and this power may be exercised on policy grounds. The standard governing his decision is whether the disposition would "promote the Government's best interest or * * * prevent flagrant injustice." 38 Op. Att'y Gen. 98, 102.

### III. As to the Exercise of Discretion

Your second question, inquiring whether it is proper as a matter of policy to withdraw the Government's claims on the ground that the Department of the Interior never intended that the funds expended under the Indian Self-Determination Act be considered as offsets, is not an appropriate question for this Office. Whether the competing policy considerations in this matter warrant withdrawal of particular claims for offsets is not a legal question, but rather presents a policy question that should be resolved by the appropriate officers in the Department of Justice. Because of the magnitude of the claim for offset and the policy questions involved, Department of Justice regulations require that any proposed withdrawal of the claim be forwarded to the Associate Attorney General for review and final action, along with your recommendations to that effect and a report on the matter. 28 CFR 0.164, 0.165 (1978).

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*